240

Beverly Ann BOEHLER, Appellant,

v.

David S. SHUMAKE & Douglas R. Hilbert, individually, and Shumake & Hilbert, a general partnership, Appellees.

No. 77942.

Court of Appeals of Oklahoma, Division No. 1.

Feb. 23, 1993.

Certiorari Denied May 11, 1993.

Mike Millstead, Norman, for appellant.

William E. Liebel, Alfred H. Smith, III, Oklahoma City, for appellees.

MEMORANDUM OPINION

GARRETT, Judge:

Beverly Ann Boehler (Boehler) sued her former attorney, David Shumake (Shumake), his partner, Douglas Hilbert, and their partnership (collectively, Appellees). She alleged malpractice, negligence and resulting financial injury. In her original petition, filed on June 14, 1990, Shumake was the only Defendant. She filed an amended petition on October 30, 1990, adding Hilbert and the partnership as Defendants.

Appellees moved for summary judgment on two grounds. First, they claimed that no negligence or malpractice had been committed; and, second, they alleged Boehler's action was barred by the Statute of Limitations. Boehler responded, and also requested leave to file an amended petition alleging other negligent acts and additional resulting damage. The court denied leave to amend, sustained Appellees' motion, and entered judgment for Appellees and against Boehler. She appeals.

Shumake represented Boehler in a divorce case. Shortly before the entry of the divorce decree on March 24, 1981, her husband asked her to execute a second mortgage on the home she was to receive under a contemplated property agreement in order for him to consolidate debts. She asked Shumake for advice. She claims he was negligent in not telling her that her ex-husband could discharge his obligation on that debt in bankruptcy. Boehler also claims Shumake was negligent because he did advise her, at the time she agreed to

the divorce decree, that her ex-husband's obligation under that decree to hold her harmless on the second mortgage could not be discharged in bankruptcy. In the discovery phase of this case, the evidence was disputed as to Shumake's advice. The dispute was whether she asked about bankruptcy and what he said or did not say. It was undisputed that Shumake told Boehler that he would not sign the second mortgage, and, in effect, advised her not to do so, and she signed it in opposition to the advice she had been given, even though the advice may not have been based on bankruptcy law.

Boehler also said Shumake should have drafted the decree so that this obligation was not subject to discharge. Almost nine years after the decree was entered, the ex-husband obtained a discharge in bankruptcy, and Boehler was forced to pay the debt in order to keep her property. By the rejected amendment to her petition, Boehler also claimed Shumake was negligent in advising her that she was not entitled to support alimony.

The court based its ruling on two alternative conclusions. First, the court determined the Statute of Limitations had run, and second, it found summary judgment appropriate because Boehler's response to the motion did not fully comply with Rule 13, Rules for District Courts, 12 O.S.1991, Ch. 2, App.

Boehler contends the court erred in failing to consider her response to Shumake's Motion for Summary Judgment. She states the court granted summary judgment to Shumake because of her failure to comply with the technical requirements of Rule 13. She also contends there was misconduct by the attorney for Shumake, and the alleged misconduct is a ground for a new trial. Because we find the underlying negligence action to be barred by the Statute of Limitations, it is unnecessary to consider these contentions of error.

■ Appellees contend the two-year Statute of Limitations ran prior to Boehler's suit, because she knew "as early as November, 1986, that the second mortgage could be discharged in bankruptcy," citing

*Funnell v. Jones,* 737 P.2d 105 (Okl.1985, *cert. denied,* 484 U.S. 853, 108 S.Ct. 158, 98 L.Ed.2d 113 (1987). In November, 1986, Shumake advised Boehler the debt could be discharged in bankruptcy. According to Appellees, the Statute of Limitations began to run from the date the alleged negligent act occurred, or, from the date the complaining party should have known of the act alleged to be negligent. There is no allegation of fraudulent concealment by Shumake of the purported error.

Boehler counter-argues that the statute did not begin to run until she sustained damage as a result of the negligent act. She claims Shumake's negligence caused her no damage until her ex-husband's obligation to pay the second mortgage was discharged in bankruptcy on November 23, 1988, less than two years prior to the filing of her petition and amended petition.

■ The limitations period applicable to actions for legal negligence is the two-year period provided under 12 O.S.1991 § 95 (Third). Our question is whether it begins to run at the time of the occurrence of the alleged negligent act or omission, or from the time the client knew or should have known of the act complained of, or from the time the client actually sustains damage or injury. The Supreme Court, in *Funnell v. Jones,* supra, answered this question. At 737 P.2d page 107, the Court said:

> In Oklahoma, an action for malpractice, whether medical or legal, though based on a contract of employment, is an action in tort and is governed by the two-year statute of limitations at 12 O.S.A.1981, § 95 Third. (*Seanor v. Browne,* 154 Okl. 222, 7 P.2d 627 (1932). This limitation period begins to run from the date the negligent act occurred or from the date the plaintiff should have known of the act complained of. (*McCarroll v. Doctors General Hospital,* 664 P.2d 382 (Okl. 1983). The period may be tolled, however, by concealment by the attorney of the negligent acts which have injured the client.

In effect, we are asked to ignore or over-rule *Funnell*. However, to do that would lead to outlandish possibilities. If Boehler's contentions are upheld, an attorney who gave legal advice in 1950 or 1960, but the client was not "injured" by that advice until 1993, could be successfully sued for that thirty or forty year old advice. The rule applicable to malpractice, either legal or medical, as set out in *Funnell*, does not allow such a scenario.

The trial court correctly held Boehler's action to be barred by the Statute of Limitations.

AFFIRMED.

JONES, J., concurs.

ADAMS, P.J., concurs in part & dissents in part.

ADAMS, Presiding Judge, concurring in part and dissenting in part:

Except as discussed in Part II, I agree with the majority's recitation of the facts and legal proceedings in this case. However, because I would reverse a portion of the trial court's judgment, I find it necessary to address all the arguments made by the appellees for affirming.

I

Because Boehler relies upon material in her trial court response in arguing controverted facts exist, I begin my analysis by examining the trial court's presumed failure to consider Boehler's response because of technical violations of Rule 13.[1] The appellees first raised the issue of non-compliance with Rule 13 in their reply to Boehler's response to the summary judgment motion. They complained that Boehler had not listed and numbered each specific material fact which she claimed to be in controversy.

Actually, Boehler's response consisted of a combined statement of facts and brief. The argument portion contained numbered propositions and sub-propositions stated in terms substantially equivalent to the "facts" which Boehler contended were controverted. The discussion contains specific references to the evidentiary material attached to Boehler's response. On this record, I conclude the trial court erred in deciding Boehler did not comply with Rule 13[2]. The trial court should have considered Boehler's evidentiary material, and summary judgment should not have been granted on this ground.

II

Although the trial court did not base its decision on the appellees' argument that no negligence occurred, they argue it affords an alternative basis for sustaining the trial court. Basically, they argue summary judgment was appropriate because the facts show Shumake was not negligent and Boehler furnished no expert testimony that Shumake's representation was below the standard of care. However, Boehler had no duty to respond with such evidence until the appellees first established, through evidentiary materials, that no negligence occurred. *Spirgis v. Circle K Stores, Inc.*, 743 P.2d 682 (Okla.App.1987) (Approved for Publication by the Supreme Court).

The appellees' evidentiary materials, even if unrebutted, do not establish the absence of negligence when viewed in the

1. I say "presumed" because the trial court did not say it "disregarded" the response, but simply concluded the motion for summary judgment "should be granted for the reason that Plaintiff has failed to comply with the provisions and requirement [sic] of Rule 13." Non-compliance with Rule 13 does not per se support a grant of summary judgment, *see Spirgis v. Circle K Stores, Inc.*, 743 P.2d 682 (Okla.App.1987) (Approved for Publication by the Supreme Court). Therefore I assume the trial court simply disregarded the evidentiary material in Boehler's response as a sanction for non-compliance with the rule. *See Hadnot v. Shaw*, 826 P.2d 978 (Okla.1992).

2. Even if Boehler was in technical violation, the purpose behind the requirement, advising the court of the specific facts in controversy and furnishing copies of the evidentiary materials supporting that argument, was fulfilled. In addition, sanctioning Boehler for such technical noncompliance under these circumstances was particularly inappropriate because the appellees' motion also did not fully comply with Rule 13. Although their motion referred to page numbers of depositions cited, the appellees did not identify the line or attach copies of the relevant portions of the depositions, both of which are required by Rule 13. The trial court imposed no sanctions on the appellees.

light most favorable to Boehler, as required by *Hargrave v. Canadian Valley Elec. Coop.*, 792 P.2d 50 (Okla.1990). Although Shumake's affidavit states his representation was not beneath the appropriate standard of care, that statement must be considered in the light of his version of the facts. According to his statements, he either did not discuss the discharge issue at the time of the decree or advised Boehler that discharge was possible. Boehler swears Shumake assured her the second mortgage obligation could not be discharged.

The appellees also claim Boehler caused her own damage by disregarding Shumake's advice in agreeing to the second mortgage. This argument is similarly unavailable as a basis for summary judgment. Although Shumake states he advised Boehler against that agreement, in another statement, included in Boehler's evidentiary materials, Shumake claims he was not consulted until after the agreement. Further, according to Boehler's affidavit, when she asked for Shumake's advice, "[h]e simply stated that if it was him, he wouldn't do it but that he understood that I still loved my husband and was trying to work things out."

Summary adjudication is appropriate only when all issues of material fact are uncontroverted, and those facts, including all reasonable inferences therefrom, are consistent only with judgment for one party. *Flanders v. Crane Co.*, 693 P.2d 602 (Okla.1984). Applying that test to the evidentiary materials in this case, I must conclude summary adjudication was also inappropriate on any of the grounds raised by the appellees but not addressed by the trial court.

### III

The majority adopts the appellees' argument that the two-year statute of limitation ran prior to Boehler's suit because she knew "as early as November, 1986 that the second mortgage could be discharged in bankruptcy", citing *Funnell v. Jones*, 737 P.2d 105 (Okla.1985), *cert.* denied, 484 U.S. 853, 108 S.Ct. 158, 98 L.Ed.2d 113 (1987). However the majority does not identify any damage which Shumake sustained as a re-

sult of that negligence or when that damage occurred.

According to the evidentiary materials provided to the trial court, Shumake's alleged negligence concerning dischargeability caused Boehler no damage until her ex-husband's obligation to pay the second mortgage was discharged in bankruptcy on November 23, 1988, less than two years prior to the filing of her petition and amended petition.

As noted in *Funnell*, the limitation period applicable to actions for legal negligence is the two-year period provided under 12 O.S.1991 § 95. According to that section, an action must be commenced within the relevant period "after the cause of action shall have accrued", or it is barred. The statute of limitation begins to run when the cause of action accrues. A cause of action accrues when a litigant could first maintain an action to successful conclusion. *Sherwood Forest No. 2 Corp. v. City of Norman*, 632 P.2d 368 (Okla.1980); *National Bank of Claremore v. Jeffries*, 126 Okl. 283, 259 P. 260 (1927).

In order to recover for negligence Boehler, is required to prove: (1) the existence of a duty by Shumake to protect her from injury; (2) a violation of that duty; and (3) injury as a proximate result of that violation of duty. *Sloan v. Owen*, 579 P.2d 812 (Okla.1978). Boehler's cause of action did not accrue until she suffered injury as result of Shumake's alleged negligence, and the limitation period runs from the date she first suffered damage.

The majority holds that *Funnell* requires the limitation period to run "from the date the negligent act occurred or from the date the plaintiff should have known of the act complained of." 737 P.2d at 107, without regard to when the injury was sustained. However, nothing in *Funnell* indicates the plaintiff's damage occurred subsequent to the negligence or its discovery, and the Oklahoma Supreme Court indicated no intent to abrogate the principles recognized in *Sherwood* and *Sloan*.

After the trial court decision in this case, the Oklahoma Supreme Court decided *MBA Commercial Construction, Inc. v. Roy J. Hannaford Company, Inc.*, 818 P.2d 469

**244**

(Okla.1991) and held the statute of limitation did not begin to run on an architectural negligence claim until the plaintiff suffered damage even though the plaintiff was aware of the architects' alleged negligence more than two years prior to suit. The Court specifically noted that § 95 was not a statute of repose. In so holding, the Court announced no earth-shattering, new rule of law, but simply applied time-honored principles to determine when a cause of action accrued and the § 95 limitation period began to run.

If § 95 is held to bar Boehler's claim before it even accrues, then it is a statute of repose and not of limitation. *See Reynolds v. Porter*, 760 P.2d 816 (Okla.1988). Such an interpretation ignores the plain language of the Legislature. Unlike the majority, I do not believe the Oklahoma Supreme Court intended in *Funnell* to invade the Legislature's province and enact a statute of repose for doctors and lawyers.

To the extent Boehler's negligence claim is based upon Shumake's alleged failure to adequately advise her concerning dischargeability or draft the decree to prevent bankruptcy discharge of her ex-husband's obligation, she suffered no damage until the feared eventuality occurred. So long as the obligation was not discharged, Shumake's alleged negligence had no actual impact. Because Boehler's damages for negligence in connection with the discharge could not have accrued prior to November 23, 1988, her claim in this regard was not barred by the statute of limitation.

However, as to Boehler's claim concerning Shumake's alleged advice that she was not entitled to support alimony, any damage accrued upon the entry of the divorce decree in 1981. Because Boehler was aware of the act, and both the act and any resulting damage occurred simultaneously, the limitation period began to run in 1981. Any claim on this basis is time-barred. Therefore, I agree the trial court did not err in refusing Boehler's request to amend her petition to add this additional allegation.

### IV

I believe the trial did not err in refusing to allow Boehler to amend her petition to claim additional negligence and damages on which the statute of limitation had run. I would affirm the trial court's order to that effect, and therefore concur in the result reached by the majority as to that time-barred claim.

However, I also believe the trial court erred in apparently disregarding the evidentiary materials included in Boehler's response to the summary judgment motion. When that evidence is considered, questions of fact exist concerning whether Shumake was negligent in advising Boehler concerning her ex-husband's ability to discharge in bankruptcy a divorce decree-imposed obligation to hold her harmless on a second mortgage.

I also conclude Boehler's well-pled claim is not time-barred because the statute of limitation on this claim of negligence did not begin to run until Boehler first sustained damage when the obligation was discharged in bankruptcy less than two years prior to Boehler's petition and amended petition. Therefore, I must respectfully dissent to that portion of the majority opinion which concludes all of Boehler's claims were time-barred.