Vaughn G. MARSHALL and Rene
A. Marshall, Appellants,

v.

FENTON, FENTON, SMITH, RENEAU
AND MOON, P.C., a professional corpo-
ration practicing law, and Tom E. Mul-
len, a lawyer, Appellees.

No. 78688.

Supreme Court of Oklahoma.

June 27, 1995.

Bryce A. Baggett, Oklahoma City, for ap-
pellants.

Murray E. Abowitz, Janet W. Legg and Janice M. Dansby, Abowitz, Welch & Rhodes, P.C., Oklahoma City, for appellees.

WATT, Justice:

## SUMMARY OF FACTS AND PROCEDURAL HISTORY

In October of 1983, Vaughn and Rene Marshall, appellants, engaged the law firm of Fenton, Fenton, Smith, Reneau & Moon and attorney Tom Mullen, appellees, to represent Vaughn Marshall in a guardianship proceeding for his grandmother. Marshall was appointed guardian during that same month. The grandmother died shortly thereafter. Attorney Mullen and the firm continued to represent Marshall both as administrator of his grandmother's estate and as guardian of his father until June 13, 1985, when Marshall was discharged. As of that date, appellees had ostensibly concluded all three legal matters. On March 29, 1988, Robert Keel was appointed guardian of Marshall's father.

On August 26, 1988, Keel petitioned the district court to vacate the final orders in the probate and two guardianship proceedings. Keel sought to surcharge Marshall on his guardianship bond for the value of stock Keel claimed was wrongfully disposed of during Marshall's tenure as his grandmother's guardian. Keel also sought to surcharge Marshall on the bond he posted in the probate proceeding to secure the stock and on the bond Marshall posted when he served as his father's guardian. Marshall filed a motion for summary judgment claiming that the applicable statute of limitations barred recovery of either the stock or its value and precluded liability on the bonds. The trial court entered summary judgment for Marshall[1] and Keel appealed. That appeal was pending at the time the present action was filed.

Appellants originally filed suit against appellees on August 21, 1990. After dismissing that action without prejudice on September 28, 1990, appellants filed the present case on September 23, 1991. In their petition, appellants alleged that (1) appellees were negligent in failing to comply with the statutory requirements for initiating, administering, and selling property connected with the probate of the estate and in concluding the two guardianships, and (2) appellees concealed the negligence. Appellants also contended that they did not discover the negligence until Keel filed his petitions to vacate all three matters in 1988. Finally, appellants claimed that their lawyers' negligence was the proximate cause of the damages they have sustained in defending against Keel's lawsuit.

The law firm moved to dismiss appellants' petition for failure to state a claim upon which relief could be granted, asserting that the claim was barred by the running of the statute of limitations and that the statute was not tolled by concealment. The firm also argued that the claim was premature because Marshall had suffered no damages as of that date. Appellees maintained that because an appeal was pending on Keel's suit against Marshall, Marshall would suffer no compensable damages unless the appeal was decided against him.[2] On November 22, 1991, the trial court sustained appellees' motion to dismiss, finding that the case was barred by the running of the statute of limitations. The Court of Appeals affirmed. This Court granted appellants' petition for a writ of certiorari.

## ISSUE

◼ The issue presented in this proceeding is whether the trial court erred in dismissing appellants' cause of action on the ground that it was barred by the applicable

---

1.  Despite the interrelated nature of all three motions to vacate and surcharge, the trial court entered summary judgment for Marshall only on the motion to vacate and surcharge filed in the grandmother's guardianship.

2.  The appeal was eventually decided in Keel's favor. On December 3, 1991—*after* the trial court entered its ruling in the case at bar—the

Court of Appeals reversed the summary judgment entered in Keel's suit and remanded the matter for further proceedings. *In the Matter of Guardianship of Giles*, No. 75,142 (Okla.App. Dec. 3, 1991) (unpublished). As of the date of the certiorari filings in the present case, litigation was pending in that suit.

two year statute of limitations.[3] We answer this question in the affirmative. Accordingly, we reverse the judgment of the trial court and remand this matter for further proceedings.

## DISCUSSION

■ We find that both courts below erred in holding that appellants' claim was barred by the running of the two year statute of limitations applicable to tort actions, 12 O.S. 1981 § 95 Third.[4] In *Funnell v. Jones*, 737 P.2d 105, 107 (Okla.1985), *cert. denied* 484 U.S. 853, 108 S.Ct. 158, 98 L.Ed.2d 113 (1987), this Court held that the limitations period of § 95 Third "begins to run from the date the negligent act occurred or from the date the plaintiff should have known of the act complained of." This rule was expounded in *MBA Commercial Constr., Inc. v. Roy J. Hannaford Co., Inc.*, 818 P.2d 469 (Okla. 1991), where we added "that for purposes of 12 O.S.1981, § 95 Third, a negligence claim accrues when any injury to the plaintiff, for which an action could proceed, is certain and not merely speculative." *Id.* at 470. The "certainty" requirement of this rule refers to the *fact* that damages have been sustained and not to the *amount* of damages. *Rainbow Travel Service, Inc. v. Hilton Hotels Corp.*, 896 F.2d 1233, 1239 (10th Cir.1990); *Martin v. Griffin Television, Inc.*, 549 P.2d 85, 92–3 (Okla.1976).

The issue addressed in *MBA Commercial* was "[w]hether a negligence claim accrues at the time of discovery of the negligent act even though the alleged resulting injury is sustained subsequent to the negligent act." *Id.* 818 P.2d at 470. In answering this question in the negative, the Court specifically rejected the defense's argument that the statute of limitations began to run against the plaintiffs' negligence claims on the date plaintiffs discovered the defendant's alleged error and not the date when plaintiffs actually suffered damages. We held:

> Section 95 is not a statute of repose which extinguishes a cause of action even before it arises. Section 95 is an ordinary statute of limitations which operates to extinguish the remedy after a substantive right has vested. The limitation periods in § 95 begins [sic] to run from the time the elements of a cause of action arise. The elements of a cause of action arise, that is, the cause of action accrues when a litigant first could have maintained his action to a successful conclusion.

> \*    \*    \*    \*    \*    \*

> In order for a litigant to maintain a negligence action to a successful conclusion, the litigant must allege injury or damages that are certain and not speculative.

*Id.* at 473–4 (citations and footnote omitted).

■ Title 12 O.S.1991 § 95 Third provides that an action in tort can only be brought within two years "after the cause of action shall have accrued. . . ." As stated above, a cause of action for negligence does not accrue until a litigant could have maintained an action to a successful conclusion, which must by necessity be *after* the litigant suffers damages. In the present case, appellants suffered damages only after Keel filed his lawsuit on August 26, 1988.[5] Regardless of whether they knew or should have known of appellees' alleged negligence at some earlier point in time, appellants suffered no damages as a result of their attorneys' actions prior to the time Keel filed his suit. Therefore, appellants' cause of action accrued no earlier than August 26, 1988. Because their petition was filed within two years of that date, their claim was timely.

---

3. Appellants' certiorari petition contains a second assignment of error which was not raised in their Petition in Error. "The failure to raise an error for appeal by inclusion in the petition in error is fatal to its consideration." *Markwell v. Whinery's Real Estate, Inc.*, 869 P.2d 840, 843 (Okla.1994). Accordingly, we do not address appellants' second assignment of error in this Opinion.

4. Although a legal malpractice suit might also be brought as a breach of contract action, *see Great Plains Fed. Sav. & Loan Ass'n v. Dabney*, 846 P.2d 1088 (Okla.1993), appellants specified that their claim was grounded in tort.

5. Among other damages, appellants have been forced to expend money on attorneys fees in defending against Keel's suit.

In reaching the above conclusion, we deem it necessary to examine the Court of Appeals' ruling in *Boehler v. Shumake*, 853 P.2d 240 (Okla.App.1993). There, the court held that the date a plaintiff actually sustains damages is irrelevant in determining when the statute of limitations begins to run in a legal negligence action. Although *MBA Commercial, supra,* had already been handed down at that time, the *Boehler* decision rested solely upon the limitations rule for negligence actions announced in *Funnell v. Jones, supra.* As previously stated, however, the statute of limitations for a negligence action begins to run only after two events have transpired: (1) the negligent act has occurred and (2) the plaintiff has suffered damages. As Judge Adams correctly noted in his separate opinion in *Boehler*, "nothing in *Funnell* indicates the plaintiff's damage occurred subsequent to the negligence or its discovery, and the Oklahoma Supreme Court indicated no intent to abrogate the principles [that a cause of action accrues when a litigant could first maintain an action to a successful conclusion and that a cause of action does not accrue until after damages are sustained]." *Boehler*, 853 P.2d at 243 (Adams, P.J., concurring in part and dissenting in part). From the time of its inception, *Boehler* was clearly at odds with this Court's prior pronouncement in *MBA Commercial.* Accordingly, insofar as it conflicts with *MBA Commercial* and this opinion, *Boehler* is hereby expressly overruled.[6]

## CONCLUSION

A cause of action does not accrue until the litigant first could have maintained his action to a successful conclusion. In order to maintain an action for negligence to a successful conclusion, the litigant must be able to allege injury or damages. Appellants' cause of action did not accrue until after they suffered damages as a result of Keel's suit. Because appellants filed the instant action within two years after Keel's suit was filed, their petition was timely. Thus, the trial court erred in holding that the statute of limitations barred their claim.

Certiorari previously granted. The opinion of the Court of Appeals is vacated. The judgment of the district court is reversed and the cause is remanded.

ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES, LAVENDER, SIMMS, HARGRAVE and SUMMERS, JJ., concur.

OPALA, J., disqualified.

---

6. Because we have disposed of this case on other grounds, we need not address appellants' argument that the statute of limitations was tolled either by appellees' purposeful concealment of their negligence or by the pendency of the appeal in Keel's underlying suit, nor need we address the Court of Appeal's holding that appellees' duty to disclose their negligence ended when the attorney-client relationship terminated.