2002 OK CIV APP 111

**John H. MAHORNEY, Plaintiff/Appellant,**

v.

**Drucilla E. WAREN, Defendant/Appellee.**

**No. 96,341.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 11, 2002.

---

John H. Mahorney, Pro Se.

Sean M. McKelvey, McAlester, OK, for Appellee.

## OPINION

CARL B. JONES, Judge.

¶ 1 John H. Mahorney, Appellant, is an inmate incarcerated at the Lawton Correctional Facility. Drucilla E. Waren, Appellee, is an attorney licensed to practice law in this state. In 1996, Waren represented Appellant in his defense against first degree murder charges before a LeFlore County jury. Appellant was convicted of the crime on November 8, 1996, and sentenced to life without the possibility of parol on December 5, 1996. The Oklahoma Court of Criminal Appeals affirmed Appellant's conviction and sentence on August 21, 1998, *Mahorney v. State,* F–96–1521 (Okla.Crim.1998) (unpublished), and affirmed the denial of his application for post-conviction relief on September 28, 2000, *Mahorney v. State,* PC–2000–469 (Okla.Crim. 2000) (unpublished).[1] The latter decision purportedly addressed and rejected Appellant's claim of ineffective assistance of trial counsel.

¶ 2 On October 16, 2000, Appellant filed the instant petition alleging that Waren negligently represented him in his criminal trial. Waren moved to dismiss on several grounds, including: (1) Appellant's petition failed to state a claim upon which relief could be granted; and (2) Appellant's claim was time barred. On May 3, 2001, the trial court granted Waren's motion to dismiss on the ground that Appellant's petition failed to state a claim upon which relief can be granted. *See* 12 O.S.2001 § 2012(B)(6). This matter stands submitted without appellate briefs on the trial court record. *See* Rule 4(m), *Rules for District Courts,* 12 O.S.2001, Ch. 2, App. 1, and Rule 1.36, *Oklahoma Supreme Court Rules,* 12 O.S.2001, Ch. 15, App.

---

1. Although not specifically identified in the instant record, we take judicial notice of the decisions of the Court of Criminal Appeals and their dates of issuance pursuant to 12 O.S.1991 §§ 2202 and 2203.

¶3 On appeal, Appellant contends that the trial court's reliance on *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), was misplaced and generally asserts his conviction was the direct result of Waren's malpractice. In reviewing a trial court's disposition by dismissal, this court examines the issues *de novo*. *Miller v. Miller*, 1998 OK 24, ¶ 15, 956 P.2d 887, 894. After *de novo* review of the instant record, we affirm.

¶ 4 As a preliminary matter, we note Appellant specifically alleged this cause of action is based on three provisions of the now outmoded *Code of Professional Responsibility* (superseded by *Rules of Professional Conduct*, 5 O.S., Ch. 1, App. 3–A, effective July 1, 1988). We point out that a violation of such rules does not provide a basis for a private action in tort. Rather, the Oklahoma Supreme Court possesses original and exclusive jurisdiction to prosecute any alleged attorney rule violations. *See* Rule 1.1, *Rules Governing Disciplinary Proceedings*, 5 O.S.2001, Ch. 1, App. 1 A. Notwithstanding, we find pursuant to 12 O.S.2001 § 2008(A)(1)("notice pleading" provision), Appellant's petition gave "fair notice of [his] claim [for negligence] and the grounds upon which it rests." *Delbrel v. Doenges Bros. Ford, Inc.*, 1996 OK 36, ¶ 3, 913 P.2d 1318, 1320.

¶ 5 Addressing the merits of Appellant's action, the trial court correctly noted:

> A lawyer is not expected to be perfect in giving advice to her clients. One who alleges negligence by an attorney must plead and prove the attorney-client relation, a breach of duty arising from the relation, and injury proximately caused by the breach.

*Myers v. Maxey*, 1995 OK CIV APP 148, ¶ 11, 915 P.2d 940, 945. Here, Appellant alleges that the injury resulting from Waren's alleged breach of duty was his wrongful conviction. As previously stated, however, Appellant's conviction has not been set aside. Thus, his conviction is not a wrongful conviction, but a lawful one.

¶ 6 The trial court also relied on *Heck* as support for dismissal. In *Heck*, the United States Supreme Court held that in order for a § 1983 plaintiff to recover damages for allegedly unconstitutional conviction or imprisonment, or for some other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, he must prove that the conviction or sentence has been reversed, expunged, or declared invalid. *Heck*, 512 U.S. at 486–7, 114 S.Ct. at 2372. Analogizing the facts of this case to *Heck*, the trial court held Appellant has no cause of action for negligence against Waren until he can plead, in good faith, that his conviction has been invalidated as a proximate result of a breach of duty by Waren which arose out of the attorney-client relationship. We agree.

¶ 7 There also exists an additional, independent reason to affirm the trial court's judgment: Appellant's claim is time-barred. "An action for legal malpractice is an action for tort and is governed by the two-year statute of limitation found in 12 O.S. [2001], § 95." *Stephens v. General Motors Corp.*, 1995 OK 114, ¶ 7, 905 P.2d 797, 798. A cause of action for legal malpractice accrues when a litigant can maintain an action to a successful conclusion. *Marshall v. Fenton, Fenton, Smith, Reneau & Moon, P.C.*, 1995 OK 66, ¶ 8, 899 P.2d 621, 623. The statute of limitations on such actions begins to run after the alleged tortious act has occurred and the plaintiff has suffered damages. *Id.* at ¶ 9, 899 P.2d at 624. In the present case, the statute of limitations on any claim for damages Appellant suffered as a result of his trial counsel's alleged malpractice—the damages being Appellant's conviction and incarceration—began to run when Appellant was sentenced for his crime on December 5, 1996. The instant claim, filed on October 16, 2000, came well after the two year limitation period had expired.

¶ 8 On *de novo* review, we hold the trial court properly dismissed Appellant's petition. Accordingly, the judgment of the district court is affirmed.

¶ 9 AFFIRMED.

JOPLIN, V.C.J., and BUETTNER, J., concur.