OSCN Found Document:SMITH v. HAMMOND & ASSOCIATES

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 SMITH v. HAMMOND & ASSOCIATES
2015 OK CIV APP 73
Case Number: 113430
Decided: 09/11/2015
Mandate Issued: 10/09/2015
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2015 OK CIV APP 73, __ P.3d __

 
ERICKA K. SMITH, Plaintiff/Appellant,
v.
HAMMOND & ASSOCIATES, a Professional Limited Liability Company, d/b/a MITCHELL & HAMMOND, an Association of Professional Entities, and GARY HAMMOND, Individually, Defendants/Appellees.
APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA
HONORABLE BERNARD M. JONES, TRIAL JUDGE
AFFIRMED
Jack S. Dawson, Andrea R. Rust, Miller Dollarhide, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellant,
David A. Cheek, Jeff M. Love, Cheek & Falcone, P.L.L.C., Oklahoma City, Oklahoma, for Defendants/Appellees.
Wm. C. Hetherington, Jr., Chief Judge:
¶1 This is an appeal by Plaintiff Ericka K. Smith (Smith), of a trial court order entered in her professional malpractice case sustaining Defendants' Hammond & Associates, A Professional Limited Liability Company, An Association of Professional Entities, and Gary Hammond, individually (Hammond), Motion To Dismiss for lack of jurisdiction. The alleged malpractice harm (loss of Smith's bankruptcy homestead exemption) and thus damage to Smith occurred when Hammond filed her bankruptcy before Smith had established two-year residency in Oklahoma to qualify for the exemption under 11 U.S.C. § 522(b)(3)(a).[1] Upon the filing of Smith's bankruptcy, all claims against Hammond became the property of the bankruptcy estate and therefore, Smith lacked standing to sue. We AFFIRM.
FACTS
¶2 It is undisputed Hammond filed Smith's bankruptcy petition in the United States Bankruptcy Court for the Western District of Oklahoma on May 23, 2012. On that day, Smith had been a resident of Oklahoma for less than 730 days having moved to Oklahoma from Kansas. The bankruptcy Trustee objected to Smith's attempt to exercise a homestead exemption in either Kansas or Oklahoma as Smith was not a resident of Kansas when her bankruptcy was filed and had not resided in Oklahoma for 730 days or otherwise satisfied the exemption statute. Id. As a result, the Trustee received as an asset in the bankruptcy estate the net proceeds of the sale of the Oklahoma home of $195,000.
¶3 Smith filed her professional malpractice action in State District Court on August 6, 2013 followed by Hammond's timely Answer in September 2013, Amended Answer on April 17, 2014 and Motion To Dismiss filed September 25, 2014. Smith responded in October and the trial court entered its Order finding no need for a hearing and sustained Hammond's motion based upon lack of standing. Smith appeals.
STANDARD OF REVIEW
¶4 This appeal involves the fundamental question of whether the District Court or the Federal Bankruptcy Court had subject matter jurisdiction over Smith's malpractice claims against Hammond. Personal jurisdiction is not at issue. As such, we must examine the law as it interprets and applies 11 U.S.C. § 522(b)(3)(a). The dispositive issue to be determined is therefore one of law. It calls for a legal conclusion which is governed by a de novo standard of appellate review. When re-examining a trial court's legal rulings, an appellate court exercises plenary, independent and non-deferential authority. Lee v. Bates, 2005 OK 89, ¶ 4, 130 P.3d 226.
ANALYSIS
¶5 This is an appeal of an adverse ruling on a proper motion to dismiss challenging subject matter jurisdiction. Independent School District No. 9 of Tulsa County v. Glass, 1982 OK 2, ¶ 10, 639 P.2d 1233. Which Court enjoys subject matter jurisdiction in this case is determined by the legal question of whether upon the filing of the bankruptcy petition, Smith's professional malpractice action remains property belonging to Smith or becomes property of the bankruptcy estate.
¶6 The term "property" is broadly construed by the Bankruptcy Code. Title 11 U.S.C. § 541(a)(1) defines a debtor's estate as consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case." Causes of action that a debtor may have upon the filing of a bankruptcy petition are "clearly property of the bankruptcy estate." Abibo v. Sunset Mortgage Co. L.P., 2007 OK CIV APP 17, ¶ 14, 154 P.3d 715. Smith's cause of action accrued or ripened at the time the bankruptcy petition was filed. It was not until that moment that Smith could possibly maintain an action to its possible successful conclusion and is the point in time when Smith suffered damage. Marshall v. Fenton, Fenton, Smith, Reneau & Moon, P.C., 1995 OK 66, ¶ 8, 899 P.2d 621, 623; Mahorney v. Waren, 2002 OK CIV APP 111, ¶ 7, 60 P.3d 38.[2]
¶7 Smith's cause of action is one where she lost her homestead exemption right because Hammond filed the bankruptcy too early before the residency requirement was satisfied. Therefore, the act of alleged malpractice and thus harm to Smith occurred at the exact time of the filing of the bankruptcy petition. We are persuaded by the reasoning of In re Alvarez, 224 F.3d 1273, 1278 (11th Cir. 2000):


To the extent that Alvarez suggests that redressable harm occurring at the instant of filing is insufficient to make this cause of action part of his bankruptcy estate because the estate includes only interests the debtor holds immediately prior to filing, and not those interests arising simultaneously with filing, we again disagree. The plain language of § 541(a)(1) includes in the estate interests of the debtor "as of" filing, not interests of the debtor "before" or "prior to" filing. (Italics in original.)


Alvarez, further looking at state law, cites Jones v. Hyatt Legal Services (In re Dow), 132 B.R. 853, 860, (Bankr. S.D. Ohio 1991) noting that the language "as of" is significant and holding that where damages caused by alleged malpractice occurred at the point of filing of the petition, the cause of action was property of the estate. Id.
¶8 As Hammond argued and we agree: "[T]he alleged malpractice and harm occurred at the time of filing because: (1) Upon filing the Plaintiff lost the ability to "wait a few more months" to qualify for Oklahoma's homestead exemptions; and (2) the bankruptcy petition file date is when the Plaintiff's property, claims, and rights become vested in the estate." Again, Congress intended the scope of § 541(a)(1) to be broad. We therefore reach the same conclusion as reached in Alvarez that the debtor's interest in property arising simultaneously with the filing of the bankruptcy petition was an interest of debtor's in property "as of" the commencement of the case, thus, property of the estate under § 541 and AFFIRM.
MITCHELL, P.J., and JOPLIN, J., concur.
FOOTNOTES
[1] The Federal Bankruptcy Code states in this section, that debtors may claim exemptions in:
any property that is exempt under Federal law, ... or State or local law that is applicable on the date of filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place. 
[2] As Hammond footnotes in its record brief: "In the Response at page 10, Plaintiff states, 'Ms. Smith does not claim that Defendants were negligent in failing to include an exemption in the bankruptcy petition or even that the bankruptcy petition itself was done negligently - rather, Ms. Smith's claim is based upon her loss of property that would have otherwise been exempt from the bankruptcy but for Defendant's negligence in filing the petition at a time when Ms. Smith could not qualify for the exemptions.'" 




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2002 OK CIV APP 111, 60 P.3d 38, MAHORNEY v. WAREN
Discussed
 2007 OK CIV APP 17, 154 P.3d 715, ABIBO v. SUNSET MORTGAGE COMPANY L.P.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1995 OK 66, 899 P.2d 621, 66 OBJ 2156, Marshall v. Fenton, Fenton, Smith, Reneau and Moon, P.C.
Discussed
 2005 OK 89, 130 P.3d 226, LEE v. BATES
Discussed
 1982 OK 2, 639 P.2d 1233, Independent School Dist. No. 9 of Tulsa County v. Glass
Discussed