68 F.3d 483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Linda MARQUARDT, Plaintiff-Appellant,
v.
MILES INC., Defendant-Appellee.
 No. 94-3213.
 United States Court of Appeals, Tenth Circuit.
 Oct. 16, 1995.
 
 ORDER AND JUDGMENT[1]
 SETH, Circuit Judge.
 Before KELLY, SETH, and HENRY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This dispute arises out of plaintiff Linda Marquardt's involuntary termination from employment with defendant Miles Inc., just after she was released by her doctors to return to work following an on-the-job injury. Mrs. Marquardt asserted state-law claims for breach of an implied contract of employment and for wrongful discharge in retaliation for filing a workers' compensation claim. The district court examined the evidence in the light most favorable to Mrs. Marquardt and determined that it did not raise a genuine issue of material fact that she was terminated other than for just cause, i.e., because she had a physical restriction that made her unable to perform the duties of any available job with Miles Inc. for which she was otherwise qualified. Mrs. Marquardt appeals from the resulting grant of summary judgment in favor of Miles Inc. We have jurisdiction under 28 U.S.C. 1291, and we affirm.
 
 
 3
 Because we are sitting in diversity, we apply Kansas law to the substantive legal questions in this case. Perlmutter v. United States Gypsum Co., 54 F.3d 659, 662 (10th Cir.1995). We review the grant of summary judgment using federal standards, however. Id. That is, we review the grant of summary judgment de novo, using the same standard as that applied by the district court. Wood v. Eli Lilly & Co., 38 F.3d 510, 512 (10th Cir.1994). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact" to be tried. Fed.R.Civ.P. 56(c). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a "genuine" issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 4
 Under Kansas law, in the absence of evidence that the parties have an express or implied contract, employment is terminable at the will of either party. Johnson v. National Beef Packing Co., 551 P.2d 779, 781 (Kan.1976). Mrs. Marquardt argues on appeal that she produced sufficient evidence to raise a genuine issue of fact as to whether she had an implied contract of employment with Miles Inc. We disagree. Mrs. Marquardt's subjective belief that Miles Inc.'s periodic evaluations and "pep talks" revealed its intent to create a contract, see Appellant's App. at 65, is insufficient as a matter of law in the face of Miles Inc.'s written disclaimers to her that it did not intend to create a contract of employment, see Appellee's Supp.App. at 19-21, 39-40. See Kastner v. Blue Cross & Blue Shield of Kan., Inc., 894 P.2d 909, 918 (Kan.Ct.App.1995).
 
 
 5
 Even if Mrs. Marquardt had established the existence of a contract, her claim also depends on evidence that Miles Inc. breached the contract, i.e., that she was terminated other than for just cause. See Brown v. United Methodist Homes for the Aged, 815 P.2d 72, 84 (Kan.1991). Mrs. Marquardt's retaliatory discharge claim also depends on evidence that she was discharged other than for just cause. See Ortega v. IBP, Inc., 874 P.2d 1188, 1196 (Kan.1994) (employee must prove discharge is "based on" the employee's exercise of some right).
 
 
 6
 If the evidence presented is such that no reasonable jury could conclude that Mrs. Marquardt was discharged other than for just cause, both of her claims fail as a matter of law. See Liberty Lobby, 477 U.S. at 248. The district court thoroughly reviewed Mrs. Marquardt's allegations of fact in light of the governing law. We have also carefully reviewed the parties' briefs and the record on appeal. We hold that Mrs. Marquardt presented insufficient evidence that she was discharged other than for just cause to create a genuine issue of material fact for a jury to decide on either of her claims for relief. We therefore affirm the entry of summary judgment in favor of Miles Inc.
 
 
 7
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470