69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Troy Wayne SIRMANS and Shala Terese Wansick, Plaintiffs-Appellants,
and
Nancy CARLTON; Carol Lynn Honeywell; Edward A. Long;
Janet K. Long, Individually, and as Mother and Next Friend
of Joshua Kyle Long, a Minor; Shala Terese Wansick, as
Mother and Next Friend of Carlton Ritchie Wansick, a Minor;
and Rachel Welch, Plaintiffs,
v.
AMOCO PRODUCTION COMPANY, a Delaware corporation, Defendant-Appellee.
 No. 94-7098.
 United States Court of Appeals, Tenth Circuit.
 Oct. 26, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, BARRETT, and WEIS,** Circuit Judges.
 MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In this diversity action, plaintiffs Troy Wayne Sirmans and Shala Terese Wansick (plaintiffs) appeal from the grant of summary judgment dismissing their claims against defendant Amoco Production Company (Amoco) as time-barred under the applicable statute of limitation. We affirm.[2]
 
 
 3
 Plaintiffs brought suit in November 1993 against Amoco seeking damages for injuries allegedly sustained in 1989 as a result of exposure to toxic chemicals emitted from Amoco's glycol gas dehydration facility in Oklahoma. Amoco moved for summary judgment on the basis that plaintiffs' claims were barred by the two-year statute of limitation for negligence claims provided in Okla. Stat. Ann. tit. 12, 93(3) (West Supp.1995).
 
 
 4
 Plaintiffs agreed that the two-year limitation period applied, but asserted their claims did not accrue until mid-1993, when a relative received a medical diagnosis that her illness could have been caused by the chemical fumes from the Amoco facility. Alternatively, plaintiffs asserted Amoco fraudulently concealed plaintiffs' cause of action by telling them the fumes were harmless, thereby tolling the running of the limitations period.
 
 
 5
 The district court granted Amoco's motion. It found that the record conclusively demonstrated plaintiffs were aware of their medical problems and the casual connection with Amoco's facility no later than January 1990. It further concluded that plaintiffs presented no evidence of fraudulent concealment that would toll the statute.
 
 
 6
 Because we are sitting in diversity, we apply Oklahoma law to the substantive legal questions in this case. Perlmutter v. United States Gypsum Co., 54 F.3d 659, 662 (10th Cir.1995). However, we review the grant of summary judgment using federal standards. Id. We review the district court's summary judgment decision de novo, applying the same legal standard as that applied by the district court. See Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact" to be tried. Fed.R.Civ.P. 56(c).
 
 
 7
 Plaintiffs contend disputed material facts exist regarding when they knew or had reason to know of their cause of action and whether Amoco fraudulently concealed their cause of action. Following our de novo review of the district court's order, the parties' briefs, and the record in this case, we hold the district court correctly concluded plaintiffs' cause of action accrued more than two years before they filed their complaint and that Amoco's conduct did not constitute fraudulent concealment.
 
 
 8
 The uncontroverted evidence demonstrates that plaintiffs knew in early 1989 that the fumes from Amoco's facility were making them sick. This knowledge was sufficient to start the running of the two-year statute of limitations. See Weathers v. Fulgenzi, 884 P.2d 538, 541 (Okla.1994)(holding that the discovery rule tolls the limitations period until such time as a reasonable person under the circumstances would have discovered the injury and the resulting cause of action); see also Huff v. Fibreboard Corp., 836 F.2d 473, 479 (10th Cir.1987)(stating that the statute of limitations begins to run when the plaintiff has "sufficient information, which, if pursued, would lead to the true condition of things")(quoting Daugherty v. Farmers Coop. Ass'n, 689 P.2d 947, 950-51 (Okla.1984)).
 
 
 9
 Further, Amoco's denial of wrongdoing did not hinder plaintiffs' knowledge and did not constitute fraudulent concealment of the cause of action. See King & King Enters. v. Champlin Petroleum Co., 657 F.2d 1147, 1154 (10th Cir.1981)(stating that "[a] denial of an accusation of wrongdoing does not constitute fraudulent concealment"), cert. denied, 454 U.S. 1164 (1982); Funnell v. Jones, 737 P.2d 105, 107 (Okla.1985)(explaining that one relying on fraudulent concealment to toll the statute of limitations must show that he did not know facts constituting a cause of action), cert. denied, 484 U.S. 853 (1987).
 
 
 10
 Therefore, for substantially the same reasons contained in its order dated June 9, 1994, the judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Joseph F. Weis, Jr., Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [2]
 Additional claims were still pending when appellants filed their notice of appeal. Because final disposition of all remaining claims has since been effected, we recognize our jurisdiction over the appeal. See FSLIC v. Huff, 851 F.2d 316 (10th Cir.1988); Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir.1988)