74 F.3d 1248
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Diane M. CAREL, Philip D. Lowry, and Darrell F. Lowry,
Individually and as Surviving Children and Next of Kin of
Mary Ann Lowry, Deceased, and Diane M. Carel, as Personal
Representative of the Estate of Mary Ann Lowry, Deceased,
Plaintiffs-Appellants,
v.
FIBREBOARD CORPORATION, et al., Defendants-Appellees.
 No. 94-5222.
 United States Court of Appeals, Tenth Circuit.
 Jan. 4, 1996.
 
 1
 Before KELLY and BARRETT, Circuit Judges, and O'CONNOR*, District Judge.
 
 
 2
 ORDER AND JUDGMENT*
 
 
 3
 Appellants, the surviving children of Mary Ann Lowry (Lowry), deceased, appeal from a final judgment of the district court entered in favor of appellees, manufacturers and suppliers of building materials and products containing asbestos.
 
 Facts
 
 4
 Appellants filed this wrongful death action under Oklahoma's substantive law alleging that Lowry was injured and ultimately died as a result of exposure to appellees' asbestos-containing products. Appellants' complaint was based on, inter alia: negligence for failure to warn and manufacturer's products liability for failure to warn, hereinafter collectively referred to as the "failure to warn" claims; manufacturer's liability for failure to test a product; manufacturer's liability for placing an unreasonably dangerous or defective product in the stream of commerce; and breach of implied warranty.
 
 
 5
 Appellants alleged: Herbert Lowry, appellants' father, worked at a refinery from 1945 to 1978 where he was exposed to asbestos which he brought home in the form of asbestos dust on his work clothes; Lowry was exposed to the asbestos dust from 1950 to 1977 when she laundered Herbert's work clothes; Lowry's exposure to the asbestos dust caused her to develop mesothelioma, a cancer of the lung lining, which resulted in her death; appellees knew or should have known that exposure to their asbestos-containing products caused lung disease; and despite this knowledge appellees marketed their products without adequate warnings.
 
 
 6
 Appellees moved for partial summary judgment on appellants' failure to warn claims, relying exclusively on Rohrbaugh v. Owens-Corning, 965 F.2d 844 (10th Cir.1992) (Rohrbaugh I ). In Rohrbaugh I, we held that under Oklahoma law "a manufacturer may have a duty to warn consumers of potential hazards which occur from the use of its product" but "[t]his duty to warn, however, only extends to ordinary consumers and users of the product." 965 F.2d at 846.
 
 
 7
 The district court, after finding that "it is undisputed that ... Lowry, was not a consumer or user of asbestos products," found that appellees were entitled to summary judgment on appellants' "claims for negligence and product liability relating to allegations of 'failure to warn." ' (Appendix at 000146). The court dismissed appellants' breach of implied warranty claims sua sponte and directed that the case proceed to trial on appellants' remaining claims.
 
 
 8
 Appellants subsequently withdrew their remaining claims and the district court entered a final judgment in favor of appellees.
 
 Issues
 
 9
 On appeal, appellants contend that the district court erred in granting appellees partial summary judgment on their failure to warn claims.
 
 
 10
 We review the grant of summary judgment de novo, using the same standard applied by the district court. Perlmutter v. United States Gypsum Co., 54 F.3d 659, 662 (1995). We apply Oklahoma law because it is the forum state in this diversity action. Holt v. Deere & Co., 24 F.3d 1289, 1291 (10th Cir.1994). We review the district court's interpretation of Oklahoma law de novo. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).
 
 Disposition
 
 11
 a.
 
 
 12
 Appellants contend that appellees had a duty to warn consumers and users of their products of the dangers of asbestos.
 
 
 13
 Appellants argue that a product may be defective by reason of its design or inadequate warnings. Appellants cite McKee v. Moore, 648 P.2d 21, 23 (Okla.1982), for the proposition that a faultlessly designed product may nevertheless be considered defective if it is placed in the hands of the ultimate consumer without adequate warnings of the dangers involved in its use. Appellants also cite Moss v. Polyco, Inc., 522 P.2d 622 (Okla.1974), for the proposition that Oklahoma courts have recognized that liability for a defective product extends to non-users and non-consumers. Appellants contend that "at a minimum, Appellees had a duty to warn the user (Mr. Lowry) of the dangers of the product, and that Appellees' failure to do so could be considered a proximate cause of Mrs. Lowry's fatal injuries." (Reply Brief of Appellants at 2). As such, according to appellants, the district court erred in relying on Rohrbaugh I in granting appellees' motion for summary judgment on their failure to warn claims.
 
 
 14
 Appellees respond that appellants' reliance on Moss is misplaced and that Rohrbaugh I controls.
 
 
 15
 Moss was not a failure to warn case. Rather the question before the court was "whether the plaintiffs, husband and wife, are precluded by a statute of limitations from pursuing an action for personal injuries to the wife." 522 P.2d at 623-24.
 
 
 16
 In Moss, plaintiff, Norma Moss, was a customer in a restaurant who was injured while using the rest room when a plastic container of VIP Super Drain fell from a shelf and its contents spilled onto her. Norma and her husband filed a tort action under the doctrine of manufacturers' product liability against the manufacturer and supplier of the plastic container 28 months after the injury occurred. The defendants demurred on the basis of Oklahoma's two year statute of limitations.
 
 
 17
 The trial court sustained the defendants' demurrers. On appeal, the Court of Appeals reversed. Thereafter, the Oklahoma Supreme Court vacated the decision of the Court of Appeals and affirmed the trial court's determination that the plaintiffs' tort action was governed by Oklahoma's two year statute of limitations. In so doing, the court noted that although Norma was neither a user nor a consumer of the allegedly defective product, but rather, "was in the general category of a bystander," the doctrine of manufacturers' product liability "also applies to bystanders." Moss, 522 P.2d at 626.
 
 
 18
 Rohrbaugh I, on the other hand, was a failure to warn case in which the question before the court was whether the wife of an insulator who worked with asbestos was a foreseeable user whom the asbestos manufacturers had a duty to warn. 965 F.2d at 846.
 
 
 19
 In Rohrbaugh I, plaintiffs, family members, brought an action against an asbestos manufacturer to recover for the alleged wrongful death of their mother, Dorothy Mae Palmer (Palmer). The material undisputed facts included: Palmer was married to Mr. Schultz for sixteen years; Mr. Schultz was an insulator who worked with asbestos products; asbestos dust got on Mr. Schultz's work clothes; Palmer was not exposed to asbestos dust in a factory setting, rather she was exposed to asbestos dust when she laundered Mr. Schultz's work clothes; Palmer was last exposed to the asbestos dust in 1969; and Palmer died of mesothelioma in 1986.
 
 
 20
 Plaintiffs sued claiming that the defendants' products were defective and unreasonably dangerous and that the defendants were negligent in failing to warn of the dangers associated with their products. The district court instructed the jury that defendants had a duty to warn Palmer of the risks of exposure to asbestos. The jury returned a verdict in favor of plaintiffs.
 
 
 21
 On appeal, we vacated the judgment and remanded, holding that although a manufacturer may have a duty under Oklahoma law to warn consumers of potential hazards which occur from the use of its product, the duty to warn only extends to the ordinary consumers and users of the product. We also held that the appellants "did not have a duty to warn Mrs. Palmer of the dangers associated with their products because Mrs. Palmer was not a foreseeable purchaser or user of the product." Rohrbaugh I, 965 F.2d at 846. In addition, we held that plaintiffs had not produced any evidence that the defendant knew or should have known of the hazards associated with their product. It was unknown at the time of Palmer's exposure that the type of asbestos associated with the defendant's product could cause mesothelioma. Id. at 847. The district court herein relied on these holdings in granting appellees' motion for summary judgment.
 
 
 22
 After the district court granted appellees' motion for summary judgment, we had occasion to reconsider Rohrbaugh I. In Rohrbaugh v. Celotex Corporation, 53 F.3d 1181, 1183-84 (10th Cir.1995) (Rohrbaugh II ), we reaffirmed our holding in Rohrbaugh I that the defendants did not have a duty to warn Mrs. Palmer because she was not a foreseeable user of the product and held that this determination controlled our remand under the law of the case doctrine.
 
 
 23
 Therefore, we hold that Moss is distinguishable from this case and that the district court properly relied on Rohrbaugh I in granting appellees partial summary judgment. Furthermore, appellants acknowledged in their memorandum in opposition to appellees' motion for summary judgment that "[i]t is true that defendants have no duty to provide warnings directly to non-users." (Appendix at 00087).
 
 
 24
 b.
 
 
 25
 Appellants contend that appellees' failure to warn of the dangers of asbestos was a foreseeable cause of Lowry's death. Appellants rely on Eagle-Picher Industries, Inc. v. Balbos, 604 A.2d 445, 453 (Md.1992),[1] for the proposition that "it is not necessary for the Lowry's to prove that appellees knew or should have known that workers' family members were at risk of developing mesothelioma through exposure to work clothes. Rather, all that is required is for the Lowry's to show that appellees knew or should have known that such exposure creates a risk of lung disease." (Initial Brief of Appellants at 11). Appellants argue that they met this burden and that the district court erred in granting appellees' motion for partial summary judgment on their failure to warn claims.
 
 
 26
 We hold that the district court properly granted appellees' motion for partial summary judgment on appellants' failure to warn claims in accordance with Rohrbaugh I in which we held that an Oklahoma manufacturer has no duty to warn when the injured party "was never exposed to asbestos as a user or present where the product was used." 965 F.2d at 846.
 
 
 27
 AFFIRMED.
 
 
 
 *
 The Honorable Earl E. O'Connor, Senior United States District Judge for the District of Kansas, sitting by designation
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.6
 
 
 [1]
 In Balbos, a shipyard worker who did not work directly with asbestos products but who was nonetheless exposed to asbestos, developed mesothelioma. The defendant defended on the basis that the worker's injury was not foreseeable because at the time the worker was exposed, it had no knowledge of asbestos induced mesothelioma in persons who did not work directly with asbestos products
 The court rejected this argument, holding that since there was evidence before the jury upon which it "could find that [the defendant] knew or should have known of the hazard of lung disease produced by inhaling asbestos fibers," and since mesothelioma "is a form of lung cancer caused by inhaling asbestos fibers," there "was sufficient evidence to support a finding that defendant had a duty to warn." 604 A.2d at 453.