**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 3 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LOUISE EVA CATTO,

      Plaintiff-Appellant,

v.

KELCHNER ENTERPRISES, INC.
d/b/a TIMBERLINE TOURS, INC.,
and ONE OR MORE JOHN AND/OR
JANE DOES,

      Defendants-Appellees.

No. No. 96-1393

(D.C. 94-WY-801)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before EBEL, HENRY, and BRISCOE, Circuit Judges.

      Plaintiff-appellant Louise Evan Catto appeals from an order of the district court granting defendant's motion to dismiss this diversity action as time-barred under Colorado's two-year statute of limitations set forth in Colo. Rev. Stat. § 13-80-102(1)(a) (1987). Ms. Catto argues that the district court erred in determining that her injury accrued at the time of her physical injuries and that, because her injury did not accrue

---

[*]       This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

until she returned to her home in Scotland, the proper limitations period is Colorado's three-year statute of limitations contained in Colo. Rev. Stat. § 13-80-101(1)(k), which applies to actions accruing outside of Colorado. Also before us is defendant-appellee's motion for damages and costs for a frivolous appeal. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, deny defendant's request for costs, and affirm the judgment of the district court.

## BACKGROUND

Ms. Catto, a citizen of the United Kingdom, was injured on April 8, 1993, while participating in a snowmobile tour organized and guided by defendant-appellee, Kelchner Enterprises, Inc. d/b/a Timberline Tours, Inc. ("Timberline") in Summit County, Colorado. Ms. Catto rode as a passenger on a two-person snowmobile driven by her 18 year-old daughter, Glenda Catto. While maneuvering the snowmobile downhill, Glenda Catto lost control of the snowmobile and her mother was thrown from the snowmobile, suffering injury to her spine. Ms. Catto received emergency assistance and underwent surgery that evening after which she remained in the hospital for 16 days. After her release, she returned to her home in Inverness, Scotland.

Ms. Catto filed this diversity suit against Timberline on April 4, 1996 in the United States District Court for Colorado. Ms. Catto alleged that Timberline's negligent failure

2

to instruct and train her in the operation of the snowmobile, to adequately warn her of the danger of operating a snowmobile, and to properly supervise her participation in the tour was the proximate cause of the accident and her injuries. In response to the complaint, Timberline filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Ms. Catto's complaint failed to state a claim on which relief can be granted. Timberline argued that her claim was time-barred under the Colorado two-year statute of limitations contained in Colo. Rev. Stat. § 13-80-102(1)(a)--the general statute of limitations for negligence actions. The district court granted Timberline's motion to dismiss and this appeal followed.

## DISCUSSION

Ms. Catto raises two arguments on appeal. First, she argues that the district court erred in dismissing her complaint as time-barred because her cause of action did not accrue on the same date as her physical injury on April 8, 1993. She alleges that her cause of action did not accrue until she discovered the proximate cause of her injuries-- that is, Timberline's negligence--which occurred after she returned to Scotland "when she had an opportunity to investigate the legal cause of her injury and the possibility of a claim against Timberline." Aplt's Br. at 3. Second, Ms. Catto argues that the district court erred by applying the wrong statute of limitations to her claim. She argues that

instead of applying the two-year limitations period contained in § 13-80-102, the court should have applied the three-year limitations period contained in § 13-80-101(1)(k), which applies to actions accruing outside of Colorado. She argues that because her action did not accrue until she discovered the legal cause of her injuries after returning to Scotland and because Scotland's limitations period is three years, that the three-year limitations period should apply.

We review de novo a district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). See Olguin v. Lucero, 87 F.3d 401, 403 (10th Cir.), cert. denied, 117 S. Ct. 436 (1996). Dismissal under 12(b)(6) is proper only when it appears plaintiff can prove no set of facts in support of the claim for relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to plaintiff. See Fuller v. Norton, 86 F.3d 1016, 1020 (10th Cir. 1996). The time when a plaintiff discovered, or through the use of reasonable diligence should have discovered, the negligent conduct is normally a question of fact which must be resolved by the trier of fact. See Mastro v. Brodie, 682 P.2d 1162, 1169 (Colo. 1984). However, where the undisputed facts show that plaintiff discovered, or reasonably should have discovered, the negligent conduct as of a particular date, the issue may be decided as a matter of law. See id.

In an action based upon diversity jurisdiction, we apply state law to determine the substantive legal questions. See Perlmutter v. United States Gypsum Co., 54 F.3d 659,

4

662 (10th Cir. 1995).  Under Colorado law, a negligence action must be commenced within two years after the accrual of the cause of action.  <u>See</u> Colo. Rev. Stat. § 13-80-102(1)(a).  However, when an action accrues outside of the state, the limitations period is extended to three-years "if the limitation of actions of the place where the cause of action accrued is greater than that of this state."  Colo. Rev. Stat. § 13-80-101(1)(k).  A cause of action is "considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence."  Colo. Rev. Stat. § 13-80-108(1).  Because we can determine the location where Ms. Catto's cause of action accrued once we fix the point in time at which the cause of action accrued, the focus of our inquiry is to determine when Ms. Catto's negligence claim against Timberline accrued.

In <u>Jones v. Cox</u>, 828 P.2d 218 (Colo. 1992), the Colorado Supreme Court analyzed the question of when a cause of action accrues for purposes of tolling the statute of limitations in an automobile negligence action.  The court in <u>Jones</u> held that

> a cause of action accrues on the date that both the physical injury and its cause were known or should have been known by the exercise of reasonable diligence.
> This has long been the law of this state.  In <u>Mastro v. Brodie</u>, we held that the statute of limitations begins to run when the claimant has knowledge of facts which would put a reasonable person on notice of the nature and extent of an injury and that the injury was caused by the wrongful conduct of another.

<u>Id</u>. at 223-34 (citing 682 P.2d at 1168).

In the present case, Ms. Catto knew that her injuries were caused by events that

5

occurred on April 8, 1993. On that date, Ms. Catto knew that the tour was organized and operated by Timberline, she knew the manner in which the tour was conducted, and she knew the events surrounding her accident--all facts sufficient to support her claim that Timberline acted negligently in failing to instruct her, warn her, or supervise her participation in the tour. While Ms. Catto may not have known that she could bring a legal action against Timberline, this is not the standard required under the law. What is required is simply that the "claimant has knowledge of <u>facts</u> which would put a reasonable person on notice of the nature and extent of an injury and that the injury was caused by the wrongful conduct of another." <u>Id</u>. (emphasis added).

Furthermore, Ms. Catto offers no explanation as to what additional facts she needed to develop in order to pursue her claim against Timberline after she returned to Scotland. The absence of factual support for her argument not only denigrates her allegation that her cause of action accrued sometime after April 8, 1993, but it also provides us with no alternative date by which to toll the statute of limitations in this case. Instead, the basis of her argument is that she did not discover the "legal or proximate cause" of her injuries until returning to Scotland. Aplt's Br. at 13. She thus appears to argue that a cause of action should not accrue until a plaintiff has time to consult with an attorney and learn that he or she has a viable cause of action. This is not what the Colorado legislature intended when it enacted the statute of limitations. <u>See</u> <u>Morris v. Geer</u>, 720 P.2d 994, 997 (Colo. Ct. App. 1986) (holding in the context of a legal

6

malpractice action that "what is critical in determining when [an action] accrues is knowledge of the facts essential to the cause of action, not knowledge of the legal theory upon which an action may be brought").

Construing every factual inference in favor of Ms. Catto, we hold that her cause of action accrued on April 8, 1993. Because we hold that her cause of action accrued on the date of her participation in the tour and injury in Summit County, Colorado, we necessarily hold that the cause of action accrued in Colorado--not Scotland. Therefore, the proper statute of limitations period to apply in assessing the timeliness of this action is the general two-year period for negligence actions contained in § 13-80-102(1)(a)--not the three-year period for actions accruing outside of Colorado as set forth in § 13-80-101(1)(k). Because Ms. Catto filed this action on April 4, 1996, almost three years after her cause of action accrued, she failed to comply with the applicable two-year statute of limitations period.

Timberline has moved for damages and costs for a frivolous appeal pursuant to Fed. R. App. P. 38. Under Rule 38 we may "award just damages, including attorney's fees, and single or double costs if the court determines that an appeal is frivolous or brought for the purposes of delay." Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc). An appeal is considered "frivolous" when "the result is obvious or the appellant's arguments of error are wholly without merit." Id. While we believe that Ms. Catto's counsel's arguments on this appeal approach sanctionable conduct, we do not

7

consider counsel's position to be wholly without merit, nor do we consider the result to be so obvious as to render the appeal frivolous.  Accordingly, we deny Timberline's motion for damages and costs on appeal.

## CONCLUSION

For the foregoing reasons, Timberline's request for sanctions is DENIED and the judgment of the district court is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court,


Robert Henry
Circuit Judge