Roberta Ann FUNNELL, Individually and as Administratrix of the Estate of David Allen Funnell, Deceased, and Donald Funnell, Appellants,

v.

Stephen JONES and William R. Thompson, Appellees.

Roberta Ann FUNNELL, Appellant,

v.

James E. WORK, George Camp, Rick Chew, Robert D. Lonney, Sr., Wendell Wightman, and Thomas Williams, Appellees.

Roberta Ann FUNNELL, Administratrix of the Estate of David Allen Funnell, Deceased, Appellant,

v.

James D. FUNNELL and Harriet Funnell, Individually and as Co-Trustees for David Allen Funnell; Jonathan Burch, Edwin Whitney Burch and Jerry Dick, Appellees.

Nos. 59204, 59205 and 59212.

Supreme Court of Oklahoma.

Sept. 17, 1985.

Rehearing Denied May 26, 1987.

Roberta Ann Funnell, Donald K. Funnell, pro se.

Ronald R. Hudson, Holloway, Dobson, Hudson & Bachman, Oklahoma City, for appellees Edwin W. Burch, Jonathan Burch, George Camp and Stephen Jones.

William R. Thompson, Oklahoma City, appellee, pro se.

George D. Davis and Ronald L. Walker, McKinney, Stringer & Webster, Oklahoma City, for appellee Robert D. Looney, Sr.

Gomer Smith, Jr., Smith & Murdock, Oklahoma City, for appellee Wendell Wightman.

Edward L. Ray, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for appellee Thomas A. Williams.

Robert J. Emery, Emery, McCandless, Gaitis & Bruehl, Oklahoma City, for appellee James E. Work.

Jonathan W. Burch, Burch & Burch, Oklahoma City, for appellees James D. Funnell and Harriet Funnell.

DOOLIN, Justice.

This is a consolidation of three appeals brought by Appellants pro se in the District Court of Oklahoma County. The three causes consolidated and ruled on below, include:

1) CJ–79–991, an action by Appellants, Roberta Ann Funnell, individually and as administratrix of the estate of David Allen Funnell, deceased, and Donald Funnell, against Appellees, Stephen Jones and William R. Thompson, for legal malpractice.

2) CJ–80–2351, an action by Appellant, Roberta Ann Funnell against Appellees James E. Work, George Camp, Rick Chew, Robert D. Looney, Sr., Wendell Wightman and Thomas A. Williams, also for legal malpractice.

3) CJ–80–4300, an action by Appellant Roberta Ann Funnell as personal representative of David Allen Funnell, deceased against Appellees James D. Funnell, Harriet Funnell, Jonathan Burch, Edwin Whitney Burch and Jerry Dick for fraud.

On September 13, 1982, the Honorable Ray Lee Wall, sitting by special appointment, found and ordered that Appellants' claims in 1) and 2) had been barred by the applicable statutes of limitations, and that Appellants' claim in 3) had been barred by a settlement agreement. Thereupon, the court sustained motions for summary judgment in each of the three actions in favor of the respective defendants, and Appellants commenced this appeal.

We find the trial court's findings and orders to be correct in each instance.

■ We are unusually impressed with the organizational ability, grasp and understanding of the appellant pro se, but the fact that these lawsuits and their subsequent appeals were conducted pro se does not, in any way relieve Plaintiffs/Appellants of the responsibility to conform their actions to the rules of pleadings, evidence or appellate practice. We adopt the rule stated by the Court of Criminal Appeals in *Bowen v. State*, 606 P.2d 589 (Okl.Cr.1980), and hold that a party proceeding pro se in a civil action or a civil appeal is to be held to the same standards as an attorney.

The arguments in cases 1) and 2), are founded on the Appellants' belief that the statute of limitations was tolled as to her causes of action for legal malpractice due to the fraudulent concealment of wrongdoing by the attorney who allegedly committed the wrongful acts; concealed by an alleged conspiracy among the attorneys subsequently consulted by Appellants to prosecute the first attorney. Inasmuch as Appellants' Petitions below allege no acts constituting legal malpractice which occurred during the two-year period immediately prior to the filing of Plaintiffs' initial Petition, some tolling of the statutes must be proved to avoid the finding that the actions were barred. To this end, Appellants allege the theory of tolling of limitation by concealment.

■ In Oklahoma, an action for malpractice, whether medical or legal, though based on a contract of employment, is an action in tort and is governed by the two-year statute of limitations at 12 O.S.A. 1981, § 95 Third. (*Seanor v. Browne*, 154 Okl. 222, 7 P.2d 627 (1932)). This limitation period begins to run from the date the negligent act occurred or from the date the plaintiff should have known of the act complained of. (*McCarroll v. Doctors General Hospital*, 664 P.2d 382 (Okl.1983)). The period may be tolled, however, by concealment by the attorney of the negligent acts which have injured the client. This Court has previously held, in *Kansas City Life Insurance Co. v. Nipper*, 174 Okl. 634, 51 P.2d 741 (1935) that:

> "One relying on fraudulent concealment to toll the statute of limitation must not only show that he did not know facts constituting a cause of action, but that he exercised reasonable diligence to ascertain such facts."

■ To specifically address the rule stated in *Nipper*, we note that the record reveals Appellant, Roberta Ann Funnell was complaining of her first attorney, James E. Work's alleged malpractice as early as June, 1971. Even though she was aware no action had ever been instituted against him, she waited almost ten years to do anything about it. The painful conclusion to be drawn is her actual knowledge in 1971 of the acts she alleges constitute malpractice shows there was no concealment on the part of anyone which would toll the statute of limitations as to her cause of action against Work.

Appellant, Roberta Ann Funnell, complains each subsequent attorney was negligent for not suing each preceding attorney for not suing Work for negligence which allegedly occurred on or about August 8, 1969. While this theory of "tacking" the negligence of one party onto the negligence of another to create a single, continuous tort, is original, such argument is not persuasive to necessitate the creation of a new doctrine of limitations, for there is no allegation that subsequent attorneys were acting as joint tort-feasors.

If the action against Work was barred by the statute of limitations, which we find to be the case, then the succeeding lawyers cannot be guilty of malpractice for not filing an invalid lawsuit. The liability of

each successive lawyer must be bottomed on his own, negligent act, not on the original complaint.

■ Even assuming there are other allegations against any of the attorney-Appellees which might be grounds for a cause of action for malpractice, the petitions filed by Appellants below do not allege any such negligent acts occurring within a two-year period immediately preceding the filing, and such petitions are, therefore, fatally defective on their face and summary judgment lies.

In summary then, as to causes 1) and 2), *supra*, we find the two-year statute of limitations is applicable to each; the original petitions allege no act of malpractice occurring within the two-year period immediately preceding its filing, and the allegation that the statute of limitation was tolled by concealment fails because of Appellant, Roberta Ann Funnell's knowledge of the acts she complains of as negligent. The trial court committed no error in granting summary judgment as to these causes.

■ Appellants allege errors regarding acts by attorneys employed subsequent to the original lawyers. These allegations on the merits however, may not be reached when the trial court grants summary judgment on the question of statute of limitations. In order for the allegation of malpractice to be considered such acts of necessity must be committed within two years of the acts complained of, or within two years of discovery of such acts.

The trial court's granting of summary judgment in case 3) *supra*, was on other grounds. This action alleges that on June 28, 1978, Appellant, Roberta Ann Funnell's sons, Donald Funnell and David Funnell were induced by fraud and coercion to execute a settlement agreement and thus to terminate certain litigation between themselves as plaintiffs and Appellees James Funnell and Harriet Funnell. David Funnell subsequently died and Roberta Ann Funnell was appointed his personal representative. Appellant seeks to vacate the settlement agreement on behalf of David Funnell's estate and alleges he was coerced

and defrauded into signing by all the named defendants.

■ It is a settled rule in Oklahoma that fraud is never presumed and where a written agreement is attacked on the ground of fraud, that agreement will be upheld unless the allegations of fraud are established by clear and convincing evidence. (*Steiger v. Commerce Acceptance Co.*, 455 P.2d 81 (Okl.1969)).

■ It may be true that appellant has rightfully set forth the elements of fraud for the inducement of execution of settlement. What such allegations lack is specificity, clarity and convincingness for there seems little doubt the adult sons of the appellant accepted the proceeds of settlement under its terms.

The plain wording of the agreement says appellant's sons had full and complete access to all the books and records of the defendants and had satisfied themselves as to the truth and accuracy of everything contained therein. On its face, this document appears to be a fair agreement, knowingly executed by the parties to it and supported by adequate consideration. Appellant's allegations that it was procured by unlawful means is, of course, within the realm of possibility, but is not supported by properly pled facts which rise to the standard required to vitiate such an agreement.

■ Also applicable here is the rule stated in *Tyler v. Hartford Insurance Co.*, 195 Okl. 523, 159 P.2d 722 (1945), which states:

"When a transaction is fairly susceptible of two constructions, the one which will free it from the imputation of fraud will be adopted."

■ Appellant correctly points out that in some limited instances involving fiduciaries, the party in the fiduciary position may be required to offer affirmative proof that no fraud existed. (*Looney v. Chastain*, 395 P.2d 571 (Okl.1964)). While the relationship between David Funnell and Donald Funnell and the named defendants may have at one time been a relationship of trust and confidence, at the time the settlement agreement was entered into, such relationship had been severed as evidence

by the fact that David Funnell and Donald Funnell had instituted several lawsuits against the other defendants. It is illogical to suppose they would have sued the defendants and yet have maintained a relationship of trust as to the contentions which were the subjects of the suits.

We hold that the trial court properly granted summary judgment in cause 3.

The judgment of the trial court is AFFIRMED.

SIMMS, C.J., and HARGRAVE and WILSON, JJ., and POWERS and MEANS, S.JJ., concur.

SUMMERS, J., and BRIGHTMIRE, S.J., concur in judgment.

HODGES, J., not participating.

POWERS, MEANS and BRIGHTMIRE, S.JJ., appointed in place of LAVENDER, OPALA and KAUGER, JJ., who disqualified.