Sandra K. STEPHENS, now Willis, Appellant,

v.

GENERAL MOTORS CORP., United Auto Workers, United Auto Workers—GM Legal Services Plan, Appellees.

No. 83609.

Supreme Court of Oklahoma.

Oct. 24, 1995.

Duke Holden, Oklahoma City, for Appellant.

James L. Bentley, UAW–GM Legal Services Plan, Del City, for Appellees.

HARGRAVE, Justice.

Appellant, Sandra Stephens, appeals from the trial court's order overruling her motion for new trial after the trial court dismissed her attorney malpractice action against Appellee, United Auto Workers–GM Legal Services Plan, on the ground that it was barred by the statute of limitations.

Appellee represented Stephens in her action for breach of warranty on a mobile home purchased by Stephens and manufactured by Champion Home Builders. The mobile home was delivered to Stephens on January 13, 1984. The home came with a limited warranty for one year from the delivery date, or until January 13, 1985. Stephens' action against Champion was filed on October 3, 1990. Champion raised the five year statute of limitations, Stephens countered with multiple theories. The trial court granted summary judgment in favor of Champion on the grounds that the statute of limitations would have required Stephens to file her action on or before January 13, 1989. This judgment was affirmed by the Court of Appeals on July 9, 1993, and petition for rehearing was denied on November 22, 1993.

Appellee sent Stephens to consult with an independent attorney in November 1990 regarding the problems she had experienced with Champion and "maybe a malpractice suit" against Appellee. The independent attorney sent Stephens a letter dated December 19, 1990, stating:

But I want to say that since they [appellee] are following through on the action and have done everything possible, any cause of action against UAW–GM would not be available to you. You have maybe had somewhat careless representation before Mrs. Foster [appellee] got in the case, and you might be aggravated because of it, yet causes of action cannot be based just on aggravation and a careless representation because you have not lost anything yet.... Therefore, my advice is to follow through with what she wants to do and what she can do under these circumstances.

Stephens, on February 3, 1994, filed her present action against appellee asserting negligence in allowing the statute of limitations to run in her action against Champion.

Appellee filed a motion to dismiss, asserting her malpractice claim was time barred by the two-year statute of limitations under 12 O.S. 1991, § 95. Appellee asserted Stephens knew of her possible claim no later than receipt of the December 19, 1990 letter from the independent attorney she consulted. Appellee states, "The plaintiff received specific advice from an independent attorney regarding a potential malpractice claim against the UAW–GM Legal Services Plan. Plaintiff apparently considered the advice and chose not to pursue the matter." The Appellee, however, does not point out that the independent counsel told Stephens that she "had not lost anything yet."

Stephens objected to the dismissal motion on the grounds that her cause of action for malpractice did not accrue until the appeal of the underlying action was decided, and that if the statute of limitations had begun to run earlier, defendant by its actions, tolled the statute. The trial court sustained Appellee's motion to dismiss. It also overruled Stephens' motion for new trial.

The Court of Appeals reversed, relying primarily on a California case, *Laird v. Blacker*, 2 Cal.4th 606, 7 Cal.Rptr.2d 550, 828 P.2d 691 (1992), that gave effect to a California statute that defines the limitation period as running from the date the client discovers, or should have discovered the cause of action, but provided for a tolling period, during such time as the negligent attorney continued to represent the client. The Court of Appeals reasoned that the tolling period provided in the California statute would be a good idea, as it would avoid disruption of the attorney/client relation by a lawsuit, while still permitting the allegedly negligent attorney to correct or minimize the apparent error. We vacate the ruling of the Court of Appeals, and reverse the dismissal granted by the trial court.

■ An action for legal malpractice is an action for tort and is governed by the two-year statute of limitation found in 12 O.S.Supp.1993, § 95. In *Funnell v. Jones*, 737 P.2d 105 (Okl.1985), this Court interpreted the two-year legal malpractice statute of limitation and the issue of the commence-

ment of the limitation period. In *Funnell* at 107, we held:

> In Oklahoma, an action for malpractice, whether medical or legal, though based on a contract of employment, is an action in tort and is governed by the two year statute of limitations at 12 O.S.A.1981, § 95 Third. (*Seanor v. Browne*, 154 Okl. 222, 7 P.2d 627 (1932)). This limitation period begins to run from the date the negligent act occurred or from the date the plaintiff should have known of the act complained of. (*McCarroll v. Doctors General Hospital*, 664 P.2d 382 (Okl.1983)). The period may be tolled, however, by concealment by the attorney of the negligent acts that have injured the client. This Court has previously held, in *Kansas City Life Insurance Co. v. Nipper*, 174 Okl. 634, 51 P.2d 741 (1935) that: "One relying on fraudulent concealment to toll the statute of limitation must not only show that he did not know facts constituting a cause of action, but that he exercised reasonable diligence to ascertain such facts." ·

However, *Funnell* did not involve a delayed injury and the statute of limitations contained in § 95 does not begin to run until the cause of action accrues.

■ According to 12 O.S.Supp.1993, § 95, an action must be commenced within the relevant period "after the cause of action shall have accrued" or it is barred. The statute of limitations begins to run when the cause of action accrues. A cause of action accrues when a litigant could first maintain an action to a successful conclusion. *Sherwood Forest No. 2 Corp. v. City of Norman*, 632 P.2d 368, 370 (Okl.1980); *Oklahoma Brick Corp. v. McCall*, 497 P.2d 215, 217 (Okl.1972). Additionally, this court has held "that for the purposes of 12 O.S.1981, § 95 Third, a negligence claim accrues when any injury to the plaintiff, for which an action could proceed, is certain and not merely speculative." *M.B.A. Constr., Inc. v. Roy J. Hannaford Co., Inc.*, 818 P.2d 469, 470 (Okl. 1991).

■ Thus, the dispositive question in the instant matter is whether Appellant's malpractice action accrued at the time the trial court dismissed the underlying action, starting the statute of limitation period, or whether the statute of limitations was tolled until after the case was finally determined adversely to Appellant on appeal. We find the statute of limitations did not begin to run until the appeal was decided in the underlying case.

In *Marshall v. Fenton, Smith, Reneau & Moon*, 899 P.2d 621 (Okl.1995), this Court was faced with a similar issue. In *Marshall*, Vaughn Marshall hired the law firm to represent him in two guardianships and the probate of an estate. Marshall served as guardian in both instances. After the matters were ostensibly concluded, the new guardian attacked the final orders and discharge of Vaughn Marshall in both guardianships and the probate. While that case was pending on appeal, Marshall filed a legal malpractice claim against the law firm alleging failure to comply with the statutory requirements for initiating, administering, and selling property connected with the probate of an estate and concluding a guardianship. The trial court granted summary judgment in favor of the law firm on the grounds of the running of the statute of limitations. The Court of Appeals affirmed. On certiorari, we decided that "[a] cause of action does not accrue until the litigant first could have maintained his action to a successful conclusion. In order to maintain an action for negligence to a successful conclusion, the litigant must be able to allege injury or damages." *Marshall*, at 624. In that case, Marshall did not have a cause of action against the law firm until he was sued by the subsequent guardian. Thus, the statute of limitation did not begin to run until Marshall was sued by the subsequent guardian.

The underlying lawsuit in the case at bar, that being the lawsuit Stephens filed against the manufacturer of the mobile home, did not become final until the summary judgment granted by the trial court was affirmed by the Court of Appeals on July 9, 1993, and the petition for rehearing was denied on November 22, 1993. Until that time, the negligence claimed in the malpractice action would have been merely speculative. There were appealable issues that, until addressed by an appellate court, rendered the granting of

summary judgment by the trial court nonfinal. For us to hold otherwise would allow a possible loophole in malpractice law, permitting malpractice to be defeated by merely tying the case up in the appellate system until after the statute of limitations has run.

In the present case Stephens did not file a malpractice action until after the summary judgment was appealed and affirmed. Prior to the affirmation of the summary judgment of the underlying case, Stephens' cause of action for malpractice had not accrued. A cause of action accrues when a litigant can first maintain an action to a successful conclusion. The injury to the plaintiff, for which an action could proceed, must be certain and not merely speculative.

Stephens' underlying action against Champion was filed on October 3, 1990. Champion raised the five year statute of limitations, Stephens countered with multiple theories. The trial court granted summary judgment in favor of Champion on November 22, 1991, on the grounds that the statute of limitations would have required Stephens to file her action on or before January 13, 1989. This judgment was affirmed by the Court of Appeals on July 9, 1993, and petition for rehearing was denied on November 22, 1993. Had the malpractice action been filed before affirmation by the appellate court, the malpractice would have been speculative. Therefore, the statute of limitations did not begin to run until the petition for rehearing was denied on November 22, 1993, and since Stephens filed her present action on February 3, 1994, her lawsuit was timely and the action was not barred by the statute of limitations.

**CERTIORARI PREVIOUSLY GRANTED COURT OF APPEALS OPINION VACATED ORDER OF THE DISTRICT COURT REVERSED AND CAUSE REMANDED.**

WILSON, C.J., and HODGES, LAVENDER, SIMMS, SUMMERS and WATT, JJ., concur.

KAUGER, V.C.J., and OPALA, J., concur in result.