2007 OK CIV APP 98

**William Gary SMITH, Plaintiff/Appellant,**

v.

**Thomas A. LAYON and Richard Warzynski d/b/a Layon Cronnin & Clark, a Professional Association, Defendant/Appellees.**

**No. 104,549.**

Court of Civil Appeals of Oklahoma, Division No. 1.

June 28, 2007.

Certiorari Denied Oct. 2, 2007.

Aaron Carl Peterson, Tulsa, OK, for Plaintiff/Appellant.

Joseph R. Farris, Harry A. Parrish, Belinda Aguilar, Tulsa, OK, for Defendant/Appellees.

CAROL M. HANSEN, Presiding Judge.

¶1 Defendants represented Plaintiff in a negligence action involving a 1997 automobile accident. The accident involved a vehicle owned by Accurate Auto Sales and driven by Nathan Hostetler, the sole owner of Accurate. The insurer for Accurate accepted liability. Plaintiff settled the action in exchange for payment of the policy limit of Accurate's insurer. The settlement agreement clearly stated: "Plaintiff Smith releases Nathan Joel Hostetler[1] from any liability and agrees never to seek collection of any monies from him." The agreement was executed on November 9, 1999.

¶2 In October of 2003, almost four years after the settlement, Plaintiff filed the present action against Defendants. Plaintiff alleged Defendants Layon and Warznski assured him that accepting a settlement amount which was less than his damages would still allow him to proceed against Hostetler in state court. He alleged these assurances were false but that he relied on them when signing the agreement. He alleged negligence and submitted Defendants breached their duty of the standard of care by which attorneys were mandated to practice.

¶3 Defendants answered, arguing Plaintiff's action was barred by the statute of limitations. They filed a motion for summary judgment citing the two year limitation of 12 O.S.2001 § 95 applicable to legal malpractice action, an action in tort. *Funnell v. Jones*, 1985 OK 73, 737 P.2d 105. They attached numerous documents and depositions. They emphasized the statute of limitations begins to run when the cause of action accrues. They point out even if the discovery rule of *Funnell v. Jones, supra* applies, Plaintiff was clearly aware of what he signed. He even "voiced extreme reluctance" to signing the settlement agreement at the time. Also, he hired new counsel sometime before October of 2001. Consultation with new counsel indicates a plaintiff's awareness of the harm he may have suffered. *Ranier v. Stuart & Freida, P.C.* 1994 OK CIV APP 155, 887 P.2d 339. Therefore, any act or advice Defendants gave Plaintiff is not actionable because it occurred almost four years before he filed suit.

¶4 In response, Plaintiff indicated Defendants represented him in a declaratory judgment action in a different case filed in federal court by Travelers Indemnity Company against Hostetler and Plaintiff.[2] That case was not final until August of 2003, when it was affirmed on appeal. Thus, he claims his action against Defendants did not accrue until then. He cites *Stephens v. G.M. Corporation*, 1995 OK 114, 905 P.2d 797, which states to hold that the issues of a case being appealed did not toll the statute of limitations would be to allow a possible loophole in malpractice law. In their reply brief at trial, Defendants emphasize to apply this reasoning in cases such as the present one, would mean that if

---

1. There is a suggestion Hostetler was judgment proof.

2. Plaintiff has no complaint about Defendants representation in the federal action.

an attorney simultaneously represents a client in two cases, with one case being concluded while the other is on appeal, and the client wishes to sue the attorney for his conduct in the concluded case, then the statute of limitations would be tolled until the separate irrelevant appeal is decided. We agree *Stephens* does not support Plaintiff's reasoning. In *Stephens,* the Supreme Court decided the question of whether the appellant's malpractice action accrued at the time the trial court dismissed the underlying action, thus starting the statute of limitations period, or whether the statute of limitations was tolled until after the case was finally determined. The Court held the statute of limitations did not begin to run until the appeal was decided *in the underlying case.* The federal appeal is not relevant to Plaintiff's defense to the running of the statute of limitations.[3] The issues in the federal case were not the same. Final resolution of the underlying state case occurred on November 9, 1999, when the settlement agreement releasing Hostetler was approved. Plaintiff

was put on inquiry notice of his claims and he discovered or should have reasonably discovered his alleged injuries on that date.

¶ 5 Summary judgment is an appropriate remedy when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Buckner v. General Motors Corporation,* 1988 OK 73, 760 P.2d 803. The trial court did not err in granting summary judgment as a matter of law to Defendants based on the running of the statute of limitations.

¶ 6 AFFIRMED

BUETTNER, J., and BELL, J., concur.

---

3. There was no appeal taken in the underlying case.