POLLAK, District Judge,
dissenting.
I write separately, not because I find the court’s position to be an unreasonable view of the facts as they would likely be established at trial, but because in my view there is a disputed issue of material fact *821 that prevents the grant of summary judgment to the defendants. I differ with the court only on the issue of whether undisputed facts compel the conclusion that Mr. Galesi should have been aware, no later than November of 2008, of the existence of an injury that was attributable to the defendants’ alleged malpractice.
The court concludes that defendants’ failure to challenge, on Mr. Galesi’s behalf, the Olcott proposal, recalculating pre-judgment interest in accordance with New Jersey law, should have put Mr. Galesi on inquiry notice. However, in his declaration, Galesi claims to have not discovered that the recalculation was flawed, with resultant injury, until his telephone conversation with defendant Burton of December 19, 2005. App. 406-07. Given this declaration, I disagree with the court that the failure to file a response to the Olcott recalculation put Mr. Galesi on inquiry notice as a matter of law.
Even assuming that Mr. Galesi was aware of the failure to oppose the Olcott recalculation,[1] such a failure to oppose a filing does not necessarily put a reasonable litigant on inquiry notice that he had a malpractice claim. Mr. Galesi may have been entitled to trust his attorneys’ judgment until he had more concrete evidence of malpractice. Whether Mr. Galesi knew or should have known of his former attorneys’ alleged malpractice is a matter appropriately determined at trial. See, e.g., N.C. Corff P’Ship, Ltd. v. OXY USA, Inc., 929 P.2d 288, 294 (Okla.App.1996) (stating that whether a plaintiff should have been aware of injury to his land was a question of fact for the jury). “[The] limitation period begins to run from the date the negligent act occurred or from the date the plaintiff should have known of the act complained of.” Funnell v. Jones, 737 P.2d 105, 107 (Okla.1985) (citing McCarroll v. Doctors Gen. Hosp., 664 P.2d 382 (Okla.1983)).

. It is unclear when exactly Mr. Galesi become aware even of the failure to file an opposition. App. 408-09.