**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 30, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL GALESI, an individual,

Plaintiff-Appellant,

v.

TOM SEYMOUR;
ROBERT BURTON,

Defendants-Appellees.

No. 09-5009
(D.C. No. 4:07-CV-00557-GKF-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ALARCÓN** and **CLEVENGER**, Senior Circuit Judges, and **POLLAK**, Senior District Judge.[**]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]    All judges of the Tenth Circuit are recused in this matter. The Honorable Arthur L. Alarcón, United States Court of Appeals for the Ninth Circuit, the Honorable Raymond C. Clevenger, III, United States Court of Appeals for the Federal Circuit, and the Honorable Louis H. Pollak, United States District Court for the Eastern District of Pennsylvania, are sitting by intercircuit designation.

This diversity dispute requires us to determine whether appellant Michael Galesi timely filed his legal malpractice suit within Oklahoma's two-year statute of limitations. The district court determined he did not, but Mr. Galesi contends that Oklahoma's discovery rule tolled the accrual of his cause of action until he actually discovered the alleged malpractice. We conclude that Oklahoma's discovery rule did not toll the limitations period and that Mr. Galesi reasonably should have known of the alleged harm nearly four years before he filed his complaint. Accordingly, we exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

**I**

This case was spawned by this court's decision in *Olcott v. Delaware Flood Company*, 327 F.3d 1115, 1125-26 (10th Cir.), *cert. denied*, 540 U.S. 1089 (2003), where, among other things, we affirmed a prejudgment interest award against Mr. Galesi. Although we affirmed the award, we remanded for a recalculation of its proper amount pursuant to New Jersey law. *Id.* at 1126. On remand, the trial court directed the parties to submit proposals for recalculated interest, and, to that end, Olcott submitted a proposal claiming he was entitled to $2,573,974.77. Mr. Galesi, who was represented by appellees at the time, did not file a response or otherwise object to Olcott's proposal. Consequently, the trial court accepted Olcott's figure and on August 27, 2003, assessed prejudgment interest against Mr. Galesi in the amount of $2,573,974.77.

Several days later, on September 8, 2003, appellees petitioned the Supreme Court on behalf of Mr. Galesi for certiorari from this court's decision in *Olcott*. The certiorari petition repeatedly referenced the trial court's revised prejudgment interest order, *see, e.g.*, Aplt. App., Vol. I at 119, 127, 132-33, 137, which was appended to the petition, *id.* at 207-08. Olcott responded on November 18, 2003, and specifically discussed the prejudgment interest award. *See id.*, Vol. II at 460. And on December 15, 2003, the Supreme Court denied certiorari, conclusively ending the *Olcott* litigation. *Galesi v. Olcott*, 540 U.S. 1089 (2003). Nearly four years later, on October 3, 2007, Mr. Galesi filed this malpractice action.

Appellees moved for summary judgment, claiming the malpractice suit was barred by Oklahoma's two-year statute of limitations. *See* Okla. Stat. tit. 12, § 95(A)(3). The district court agreed and granted the motion. It concluded that under Oklahoma law, Mr. Galesi's cause of action accrued no later than December 15, 2003, when the Supreme Court denied certiorari and terminated the underlying litigation. *See Stephens v. Gen. Motors Corp.*, 905 P.2d 797, 799 (Okla. 1995) (holding that statute of limitations began to run on a malpractice claim when underlying case concluded). But referencing the certiorari petition and Olcott's response, both of which reflect Mr. Galesi's knowledge of the trial court's prejudgment interest award, the court noted that Mr. Galesi was on inquiry notice as early as September and November of 2003.

Despite the district court's recognition that Mr. Galesi should have known of the alleged negligence in September and November of 2003, Mr. Galesi now contends on appeal that his October 3, 2007, complaint was timely because the discovery rule tolled the accrual of his cause of action until December 19, 2005, when he actually discovered the alleged malpractice. We agree with the district court's conclusion that Mr. Galesi's cause of action accrued no later than December 15, 2003, when the underlying case was concluded. *See Stephens*, 905 P.2d at 799. But this appeal concerns whether the discovery rule tolled the limitations period beyond the conclusion of the underlying litigation, until 2005. We conclude, under a de novo standard of review, *Trans-Western Petroleum, Inc. v. U.S. Gypsum Co.*, 584 F.3d 988, 992 (10th Cir. 2009), and applying Oklahoma law, *see State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1228 (10th Cir. 2008) (applying state law in a diversity action to resolve statute of limitations dispute), that the discovery rule is of no avail to Mr. Galesi because he was on inquiry notice no later than November of 2003.

## II

The Oklahoma Supreme Court has repeatedly held that the statute of limitations for a legal malpractice claim "'begins to run from the date the negligent act occurred or from the date the plaintiff should have known of the act complained of.'" *Stephens*, 905 P.2d at 799 (quoting *Funnell v. Jones*, 737 P.2d 105, 107 (Okla. 1985)). "The discovery rule allows a plaintiff to establish

-4-

that . . . the injury could not be discovered until a time after the occurrence of the negligence. Under the discovery rule, the limitation period begins to run from the time [the] plaintiff knew or should have known of the injury." *MBA Commercial Constr., Inc. v. Roy J. Hannaford Co.,* 818 P.2d 469, 472 n.4 (Okla. 1991) (quotation omitted); *see also Smith v. Layon*, 170 P.3d 1046, 1048 (Okla. Civ. App. 2007) (concluding that cause of action accrued upon resolution of underlying case, when "[p]laintiff was put on inquiry notice of his claims and he discovered or should have reasonably discovered his alleged injuries"); *Ranier v. Stuart & Freida, P.C.*, 887 P.2d 339, 343 (Okla. Civ. App. 1994) ("A statute of limitations for a legal malpractice action may be tolled until resolution on appeal of the underlying case if the client has not become aware of the harm prior to the decision on appeal."). "[P]roper application of the discovery rule demands that the determinative factor be the client's knowledge of the injury." *Ranier*, 887 P.2d at 343.

Here, knowledge of Mr. Galesi's claim was imputed to him no later than November of 2003, when he reasonably should have discovered that appellees did not oppose the Olcott proposal. The trial court's revised prejudgment interest order, filed on August 27, 2003, expressly stated that "Defendants have not filed any Opposition [to Olcott's proposed prejudgment interest calculation]." Aplt. App., Vol. II at 697. This order, which was repeatedly referenced in Mr. Galesi's September 2003 petition for certiorari, alerted Mr. Galesi that appellees did not

object to the Olcott proposal.  The order itself was appended to the certiorari petition, and it was discussed in Olcott's November 2003 response.  We agree with the district court's determination that these circumstances adequately put Mr. Galesi on inquiry notice of his claim by November of 2003 at the latest.  The discovery rule therefore affords no further tolling beyond the resolution of the underlying litigation.

But Mr. Galesi argues that he was not damaged solely by appellees' failure to file an opposition to Olcott's proposed prejudgment interest calculation.  According to Mr. Galesi, appellees' inaction could have signaled their belief that the Olcott proposal was correct, and it was not until he communicated with them on December 19, 2005, that he actually discovered the extent of their malpractice.  On that date, Mr. Galesi claims, he discovered appellees not only failed to oppose Olcott's proposal, but that they also failed to object or respond to it, failed to "research and confirm [its] accuracy," failed to "advise the court of a proper computation of interest," and failed to "engage New Jersey counsel to advise them on New Jersey law."  Aplt. Br. at 15.  Given the breadth of appellees' negligence, Mr. Galesi asserts, he could not have discovered his injuries simply from appellees' failure to oppose the Olcott proposal.

Whatever distinctions Mr. Galesi may draw between appellees' alleged shortcomings—their failure to oppose, object, respond, or confirm the accuracy of Olcott's proposal, or hire New Jersey counsel to do so—the inescapable fact is

that all of Mr. Galesi's allegations derive from his assertion that the Olcott proposal for recalculated interest was wrong and appellees failed to contest it. Mr. Galesi's claim, then, necessarily rests upon his attorneys' failure to challenge the Olcott proposal or otherwise submit a proposal on his behalf – for whatever reason. Because he knew or should have known by November of 2003 that appellees did not challenge the Olcott proposal, he may not invoke the discovery rule based on allegations stemming from the same omission. The two-year limitations period thus expired well before the complaint was filed in this action on October 3, 2007. Accordingly, the district court was correct to grant appellees' motion for summary judgment.[1]

The judgment of the district court is AFFIRMED.

Entered for the Court

Arthur L. Alarcón
Senior Circuit Judge

---

[1] To the extent Mr. Galesi suggests appellees fraudulently concealed their alleged negligence, he failed to raise the issue below and thus preserve it for appeal. *Cf. United Fid. Life Ins. Co. v. Law Firm of Best, Sharp, Thomas & Glass*, 624 F.2d 145, 148 (10th Cir. 1980) (finding fraudulent concealment adequately pleaded where complaint alleged attorneys failed to report the case status, failed to advise client of an adverse order and other pertinent filings, and "sought to conceal [their] errors and mistakes" (quotation omitted)). The argument is untenable in any event, as the record demonstrates that Mr. Galesi knew or should have known in 2003 that appellees filed no opposition to Olcott's interest calculation, yet he waited until 2005 to question them about the omission. *See Funnell*, 737 P.2d at 107 ("One relying on fraudulent concealment to toll the statute of limitation must not only show that he did not know facts constituting a cause of action, but that he exercised reasonable diligence to ascertain such facts." (quotation omitted)).

09-5009, *Galesi v. Seymour, et al.*

**POLLAK**, *District Judge*, dissenting.

I write separately, not because I find the court's position to be an unreasonable view of the facts as they would likely be established at trial, but because in my view there is a disputed issue of material fact that prevents the grant of summary judgment to the defendants. I differ with the court only on the issue of whether undisputed facts compel the conclusion that Mr. Galesi should have been aware, no later than November of 2003, of the existence of an injury that was attributable to the defendants' alleged malpractice.

The court concludes that defendants' failure to challenge, on Mr. Galesi's behalf, the Olcott proposal, recalculating pre-judgment interest in accordance with New Jersey law, should have put Mr. Galesi on inquiry notice. However, in his declaration, Galesi claims to have not discovered that the recalculation was flawed, with resultant injury, until his telephone conversation with defendant Burton of December 19, 2005. App. 406-07. Given this declaration, I disagree with the court that the failure to file a response to the Olcott recalculation put Mr. Galesi on inquiry notice as a matter of law.

Even assuming that Mr. Galesi was aware of the failure to oppose the Olcott recalculation,[1] such a failure to oppose a filing does not necessarily put a reasonable litigant on inquiry notice that he had a malpractice claim. Mr. Galesi

---

[1] It is unclear when exactly Mr. Galesi become aware even of the failure to file an opposition. App. 408-09.

may have been entitled to trust his attorneys' judgment until he had more concrete evidence of malpractice.  Whether Mr. Galesi knew or should have known of his former attorneys' alleged malpractice is a matter appropriately determined at trial. *See, e.g.*, *N.C. Corff P'Ship, LTD v. OXY USA, Inc.*, 929 P.2d 288, 294 (Okla. Civ. App. 1996) (stating that whether a plaintiff should have been aware of injury to his land was a question of fact for the jury).  "[The] limitation period begins to run from the date the negligent act occurred or from the date the plaintiff should have known of the act complained of."  *Funnell v. Jones*, 737 P.2d 105, 107 (Okla. 1985) (citing *McCarroll v. Doctors Gen. Hosp.*, 664 P.2d 382 (Okla. 1983)).